IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANA COFFEY, on her own behalf and on behalf
of the estate of ANDREW CRUTCHER, deceased,
and also, as next friend, on behalf of her minor
grandchildren, JOANELLE CRUTCHER,
RACHELLE CRUTCHER, ALEX BENALLY,
ANDREW CRUTCHER, VICK CRUTCHER,
KITANA CRUTCHER, and DREW CRUTCHER,

       Plaintiffs,

vs.                                                                                  No. CIV 08-0588 JB/LFG

UNITED STATES OF AMERICA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Exclude Evidence of Andrew Crutcher's Drug Use, filed September 16, 2011 (Doc. 84)("Motion in Limine"). The Court held a hearing on April 9, 2012. The primary issue is whether the Court should preclude Defendant United States of America from presenting evidence at trial regarding Andrew Crutcher's alleged drug use. The Court will deny the Motion in Limine. Since the time of filing the Motion in Limine, the only claims remaining in this case are against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). The parties must try those claims by a bench trial. Thus, the risk of the evidence causing undue prejudice is reduced given that there will be no jury. The United States Court of Appeals for the Tenth Circuit has held that exclusion of evidence as unfairly prejudicial under rule 403 of the Federal Rules of Evidence is not proper in a bench trial. Additionally, the United States has offered a good-faith basis for presenting evidence regarding Crutcher's alleged drug use.

## **PROCEDURAL BACKGROUND**

On June 17, 2008, Plaintiff Diana Coffey filed her Civil Complaint for Damages for Wrongful Death and Civil Rights Violations against the United States. See Doc. 1. On January 12, 2009, Coffey filed an action against McKinley County, an Unknown Staff Nurse, and Unknown Detention Guards 1 through 10. See Coffey v. McKinley County, No. 09-0028, Civil Complaint at 1 (D.N.M.)(Doc. 1). On October 21, 2009, the Honorable Martha Vazquez, then-Chief United States District Judge for the United States District for the District of New Mexico,[1] consolidated the civil case docket number 08-0588, Coffey's case against the United States, with the civil case docket number 09-0028, Coffey's case against McKinley County, for discovery purposes. See Order at 1-2, filed October 21, 2009 (Doc. 33). Civil case No. 09-0028 against McKinley County was assigned to United States District Judge James Browning. Judge Vazquez's Order stated that Judge Browning would preside over the discovery matters. See Order at 3. On July 29, 2011, the parties filed a joint motion to consolidate the civil case docket number 08-0588 with the civil case docket number 09-0028 case for trial purposes. See Joint Motion and Memorandum for Consolidation of Cases for Trial Before United States Magistrate Judge (Doc. 62). On August 1, 2011, the United States filed its Defendant United States of America's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Supporting Memorandum of Law. See Doc. 63. On August 22, 2011, Judge Vazquez granted the motion seeking consolidation of the cases for trial purposes and stated that Judge Browning would try both cases. See Order (Doc. 66).

On September 16, 2011, Coffey filed her Motion in Limine. See Doc. 84. She asserts that Crutcher's history of drug abuse is not relevant to the matters in this case, specifically the cause of

---

[1] The Honorable Bruce D. Black, United States District Judge, became Chief Judge of the District of New Mexico in 2010.

his death.  See Motion in Limine at 2.  She argues that the evidence is unfairly prejudicial, and that, thus, the Court should not permit the United States to present that evidence to a jury.  See Motion in Limine at 3.  She contends that there is "little to no evidence of drug use by Andrew Crutcher when the incidents involving Defendants occurred."  Motion in Limine at 3.  She asserts that the evidence "cannot be admitted into evidence for the purpose of proving less medical care was needed or that the standard of care was somehow lessened because of drug use."  Motion in Limine at 3. She asks the Court to exclude evidence of Crutcher's alleged drug use under rule 403.  See Motion in Limine at 6-7.  She directs the Court to one statement in Crutcher's autopsy report to the effect that endocarditis is commonly associated with intravenous drug use.  See Motion in Limine at 5. She notes that the drafter of the autopsy report "did not state whether it was prior drug use or drug use immediately prior to [Crutcher's] death, nor did he provide any support or foundation for the statement."  Motion in Limine at 5.

On September 29, 2011, McKinley County filed a response to the Motion in Limine.  See The County Defendant's [sic] Response in Opposition to Plaintiff's Motion to Exclude Evidence of Andrew Crutcher's Drug Use, filed September 29, 2011 (Doc. 104)("Response").  It argued that "there is evidence that Mr. Crutcher's life expectancy was diminished by drug use."  Response at 3.  It asserted that "the Tenth Circuit has made clear that acts contributory to the alleged injury should be admitted."  Response at 3.  McKinley County argued that "Mr. Crutcher was told by his doctor, Dr. [Ram] Challapalli, that drug use with his defibrillator would be a medical disaster and would limit the length of his life."  Response at 4 (citing Deposition of Dr. Ram Challapalli at 11:1-12:11 (dated April 5, 2011)(Doc. 104-2)("Challapalli Depo.")).  It relied upon "the opinion of the Office of the Medical Investigator" to contend that drug use was the cause of Crutcher's death. Response at 4 (citing Report of Findings at 6 (dated March 13, 2009), filed September 29, 2011

(Doc. 104-1)).

On November 14, 2011, the Court filed its Memorandum Opinion and Order granting summary judgment in favor of McKinley County. See Doc. 111. The Court then entered a Final Judgment in civil case No. 09-0028. See Final Judgment, filed November 30, 2011 (Doc. 96 in No. CIV 09-0028). On January 23, 2012, Coffey filed her Amended and Consolidated Complaint. See Doc. 116. On February 1, 2012, Coffey filed an errata to her pleadings, but did not specify the reason for the errata. See Errata: Amended and Consolidated Complaint (Doc. 118). The United States filed an answer to this Errata Complaint. See Defendant United States of America's Answer to Plaintiffs' Errata -- Amended and Consolidated Complaint, Doc. No. 118, filed February 10, 2012 (Doc. 119).

At the hearing on April 9, 2012, the United States asserted that it had joined McKinley County's Response when McKinley County made that filing.[2] See Transcript of Hearing at 39:14-15 (taken April 9, 2012)(Mitchell)("Tr.").[3] The United States acknowledged that it has no evidence that Crutcher used drugs while he was incarcerated in McKinley County's custody, but asserted that it has an autopsy report and testimony from Crutcher's physician regarding Crutcher's diminished health while he was on drugs. See Tr. at 29:14-30:2 (Mitchell). Coffey responded that the Court is now, based on the filing of the Motion in Limine, aware of the evidence and noted that the Motion

---

[2]Nothing in the Response or elsewhere in the record, such as a written joinder in the Response, indicates that the United States joined the Response. D.N.M.LR-Civ. 7.1(b) recognizes that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to granting the motion." D.N.M.LR-Civ. 7.1(b). Coffey, however, did not argue at the April 9, 2012, hearing that the United States had not responded to her Motion in Limine.

[3]The Court's citations to the transcripts of the hearings refer to the court reporter's original, unedited versions. Any final transcripts may contain slightly different page and/or line numbers.

in Limine was more important when a jury trial was set in this case. See Tr. at 30:4-8 (Hearne). She asserted that the Court should not admit into evidence the extraneous comments made by the medical examiner who performed Crutcher's autopsy. See Tr. at 30:9-17 (Hearne).

## LAW REGARDING RULE 403

Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. See United States v. Record, 873 F.2d 1363, 1375 (10th Cir. 1989). "[I]t is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter [under rule 403]." United States v. Pettigrew, 468 F.3d 626, 638 (10th Cir. 2006)(quoting United States v. Sides, 944 F.2d 1554, 1563 (10th Cir. 1991)). The Tenth Circuit has recently reminded district courts that they should be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." United States v. Smalls, 605 F.3d 765, 787 (10th Cir. 2010).

The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's discretion, see United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999), and the trial court's discretion to balance possible unfair prejudice against probative value is broad, see United States v. Bice-Bey, 701 F.2d 1086, 1089 (4th Cir. 1983); United States v. Masters, 622 F.2d 83, 87-88 (4th Cir. 1980). As the Supreme Court of the United States recently noted:

> In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings . . . . This is particularly true with respect to Rule

> 403 since it requires an "on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008)(quoting 1 S. Childress & M. Davis, Federal Standards of Review § 4.02, at 4-16 (3d ed. 1999)). See United States v. Abel, 469 U.S. 45, 54 (1984)("Assessing the probative value of [proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .").

Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter. See United States v. Rodriguez, 192 F.2d 946, 951 (10th Cir. 1999). Evidence is not unfairly prejudicial merely because it damages a party's case. See United States v. Caraway, 543 F.3d 1290, 1301 (10th Cir. 2008); United States v. Curtis, 344 F.3d 1057, 1067 (10th Cir. 2003); United States v. Martinez, 938 F.2d 1078, 1082 (10th Cir. 1991). Rather, "[t]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Caraway, 453 F.3d at 1301 (quoting Fed. R. Evid. 403 advisory committee's note).

The concerns of rule 403 apply differently in a bench trial where a jury has no role in the decision-making process. Specifically, the Tenth Circuit has stated that: "Other circuits have held, and we agree, that excluding evidence in a bench trial under 'Rule 403's weighing of probative value against prejudice [is] improper.'" United States v. Kienlen, 349 F.App'x 349, 351 (10th Cir. 2009)(unpublished)(quoting Gulf States Utils. Co. v. Ecodyne Corp., 635 F.2d 517, 519 (5th Cir. 1981)). While the United States v. Kienlen case was a criminal case involving a voluntary-manslaughter charge, the Tenth Circuit relied on civil cases for its conclusion that excluding

evidence under rule 403 as unfairly prejudicial during a bench trial is improper.  See United States v. Kienlen, 349 F.App'x at 351 (relying on Gulf States Utilities. Co. v. Ecodyne Corp., a civil construction dispute, and Schultz v. Butcher, 24 F.3d 626 (4th Cir. 1994), a negligence case).  The Tenth Circuit cited a United States Court of Appeals for the Fourth Circuit case for the proposition that exclusion of evidence as unfairly prejudicial is not appropriate in a bench trial, which stated:

> Adopting the position taken in Gulf States, we hold that in the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial.  Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor.  Rule 403 was designed to keep evidence not germane to any issue outside the purview of the jury's consideration.  For a bench trial, we are confident that the district court can hear relevant evidence, weigh its probative value and reject any improper inferences.

Schultz v. Butcher, 24 F.3d at 632.  There is nothing in the Tenth Circuit's analysis in United States v. Kienlen to suggest that the Tenth Circuit would distinguish between civil cases and criminal cases in applying rule 403.

## ANALYSIS

The Court will deny the Motion in Limine.  Since the time of filing the Motion in Limine, the only claims remaining in this case are against the United States under the FTCA.  The parties must try those claims by a bench trial.  Thus, the risk of the evidence causing undue prejudice is reduced given that there will be no jury.  The Tenth Circuit has held that exclusion of evidence as unfairly prejudicial under rule 403 is not proper in a bench trial.  Additionally, the United States has offered a good-faith basis for presenting evidence regarding Crutcher's alleged drug use.

Coffey argues that the evidence regarding Crutcher's drug use is unfairly prejudicial.  The Tenth Circuit has stated that: "Other circuits have held, and we agree, that excluding evidence in a bench trial under 'Rule 403's weighing of probative value against prejudice [is] improper.'"  United

States v. Kienlen, 349 F.App'x at 351 (quoting Gulf States Utils. Co. v. Ecodyne Corp., 635 F.2d at 519).  Given the Tenth Circuit's holding in United States v. Kienlen the Court will deny her request to exclude the evidence as unfairly prejudicial.  Much like the Fourth Circuit explained, the Court believes it "can hear relevant evidence, weigh its probative value and reject any improper inferences."  Schultz v. Butcher, 24 F.3d at 632.

Coffey also argues that the United States' position that drug use contributed to Crutcher's death is speculative.  The United States has provided some legitimate explanations for why it intends to present evidence of Crutcher's drug use, including that his drug use may have accelerated his death.  For instance, Crutcher had a defibrillator.  The Response argues that "Mr. Crutcher was told by his doctor, Dr. Challapalli, that drug use with his defibrillator would be a medical disaster and would limit the length of his life."  Response at 4 (citing Challapalli Depo. at 11:1-12:11).  The Response also relies upon "the opinion of the Office of the Medical Investigator" to contend that drug use was the cause of Crutcher's death.  Response at 4 (citing Report of Findings at 6).  Particularly based on Dr. Challapalli's deposition testimony, which has been attached to the Response, the Court does not believe that potential issues of causation regarding Crutcher's death as they relate to his alleged drug use are so speculative to require exclusion of the evidence as irrelevant.  The Court has trouble concluding that the evidence has no scientific or rational basis when Crutcher's own doctor testified that Crutcher's drug use may accelerate his death.  Relevance "depends upon principles evolved by experience or science, applied logically to the situation at hand."  Fed. R. Evid. 401 advisory committee's note.  Rule 401 contains a low threshold for relevance, because "[a]ny more stringent requirement is unworkable and unrealistic."  Fed. R. Evid. 401 advisory committee's note.  The Court concludes that the United States has satisfied that threshold here.  Additionally, contrary to Coffey's argument, the United States has "provided [a]

-8-

medical foundation for its claim that [Crutcher's] life expectancy was diminished by drug use." Meller v. Heil Co., 745 F.2d 1297, 1303 (10th Cir. 1984). Lastly, if the connection between the drug use and Crutcher's death is too tenuous, the Court may properly evaluate that consideration in its evaluation whether the alleged drug use was a proximate cause of Crutcher's death or otherwise impacts his recovery under the FTCA. Thus, the Court will deny the Motion in Limine.[4]

---

[4] While Coffey has not expressly raised an argument that Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), would require exclusion of this evidence, some federal courts have applied "a relaxed Daubert standard [for a] bench trial." David E. Watson, P.C. v. United States, 668 F.3d 1008, 1015 (8th Cir. 2012)("When the district court sits as the finder of fact, [t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself. Thus, we relax Daubert's application for bench trials." (alteration in original)(citation omitted)(internal quotation marks omitted)). Accord United States v. Brown, 415 F.3d 1257, 1268-69 (11th Cir. 2005)("Those barriers are even more relaxed in a bench trial situation, where the judge is serving as factfinder and we are not concerned about 'dumping a barrage of questionable scientific evidence on a jury.'"). The Tenth Circuit has similarly stated:

> The trial court retains broad discretion in assessing an expert's reliability and making its ultimate determination of reliability. We will not disturb a trial court's decision to exclude evidence absent an abuse of discretion, meaning that we have a definite and firm conviction that the trial court has made a clear error of judgment or exceeded the bounds of permissible choice. Furthermore, while Daubert's standards must still be met, the usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial. Thus, the scope of our review is quite narrow.

Attorney Gen. of Okla v. Tyson Foods, Inc., 565 F.3d 769, 779 (10th Cir. 2009)(citations omitted)(internal quotation marks omitted). It has also held that "a judge conducting a bench trial maintains greater leeway in admitting questionable evidence, weighing its persuasive value upon presentation," rejecting the argument that a "district court commit[s] a 'legal impossibility' in both admitting the [expert] testimony and subsequently finding it unreliable." Attorney Gen. of Okla v. Tyson Foods, Inc., 565 F.3d at 780. If Coffey wants to raise a challenge under Daubert v. Merrell Dow Pharmaceuticals, Inc., the Court will take time at trial to hear the evidence off the trial record and entertain any arguments that counsel may want to make. If Coffey does not want to challenge the evidence under Daubert v. Merrell Dow Pharmaceuticals, Inc., to the extent that this evidence regarding drug use is "dubious scientific testimony," the Court will not rely upon the evidence. David E. Watson, P.C. v. United States, 668 F.3d at 1015. As the United States Court of Appeals for the Seventh Circuit has discussed, the Court can later exclude the evidence or disregard it as scientifically unreliable once it has had a full opportunity to hear the evidence, and arguments why it is admissible -- arguments which are, at this point in the proceedings, still rather undeveloped:

**IT IS ORDERED** that the Plaintiff's Motion to Exclude Evidence of Andrew Crutcher's Drug Use, filed September 16, 2011 (Doc. 84), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Scott E. Borg
Barber & Borg, LLC
Albuquerque, New Mexico

*-- and --*

Robert R. Hager
Treva J. Hearne
Hager & Hearne
Reno, Nevada

*Attorneys for the Plaintiff*

---

Salem's argument misses the bankruptcy court's point. It is not that evidence may be less reliable during a bench trial; it is that the court's gatekeeping role is necessarily different. Where the gatekeeper and the factfinder are one and the same -- that is, the judge -- the need to make such decisions prior to hearing the testimony is lessened. That is not to say that the scientific reliability requirement is lessened in such situations; the point is only that the court can hear the evidence and make its reliability determination during, rather than in advance of, trial. Thus, where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.

In re Salem, 465 F.3d 767, 777 (7th Cir. 2006)(citation omitted).

Kenneth J. Gonzales
  United States Attorney
Jan Elizabeth Mitchell
  Assistant United States Attorney
Dori Ellen Richards
  Special Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*